# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Warrant for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry 70]

Name of Offender: Johnathan Leon Walker     Case Number: 3:10-00148

Name of Sentencing Judicial Officer: Honorable William J. Haynes, Jr., Senior U.S. District Judge

Date of Original Sentence: October 31, 2014

Original Offense: 18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm

Original Sentence: 60 months' custody and three years' supervised release

Type of Supervision: Supervised release     Date Supervision Commenced: January 9, 2015

Assistant U.S. Attorney: Sunny A.M. Koshy     Defense Attorney: Dwight E. Scott

## PETITIONING THE COURT

__X__    To Consider Additional Violations/Information.
____    To issue a Summons.
____    To issue a Warrant.

**THE COURT ORDERS:**
☐ No Action
☒ The Consideration of Additional Violations/Information.
☐ The Issuance of a Warrant:
    ☐ Sealed Pending Warrant Execution
      (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this __3__ day of __Aug__, 2015,
and made a part of the records in the above case.

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Amanda Michele_
Amanda Michele
U.S. Probation Officer

_Todd Campbell_
~~William J. Haynes, Jr.~~
~~Senior~~ U.S. District Judge

Place     Nashville, TN

Date     July 28, 2015

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry 70, has been amended as follows:

<u>Violation No. 1</u> - has been amended to report an additional positive drug test.

<u>Violation No. 2</u> - has been amended to report failure to enter inpatient substance abuse treatment.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1.** | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Since beginning supervision in January 2015, Mr. Walker has tested positive for cocaine on **seven** different occasions:

| | |
|---|---|
| March 27, 2015 | May 18, 2015 |
| April 2, 2015 | June 19, 2015 |
| April 16, 2015 | **July 16, 2015** |
| April 22, 2015 | |

Following his positive drug test on March 27, 2015, Mr. Walker initially denied using cocaine. After his positive drug test on April 2, 2015, he admitted to using cocaine on two separate occasions, a few days prior to each drug test.

On April 16, 2015, Mr. Walker reported to the probation office for a random drug test. His urine sample was diluted and positive for cocaine. Mr. Walker denied using the illegal substance and reported he last used cocaine on or about March 31, 2015.

On April 22, 2015, the probation officer directed Mr. Walker to report to the probation office for a random drug test. His urine sample was, again, diluted and positive for cocaine. He admitted to using cocaine on April 19, 2015.

On May 18, 2015, Mr. Walker, again, tested positive for cocaine. He initially denied using the illegal drug, but when questioned by the probation officer he admitted to using cocaine on or about May 15, 2015. Mr. Walker further stated he called the U.S. Probation Office's drug testing line on the evening of Thursday, May 14, 2015. When he learned he did not have a random drug test the following day, he reported that was when he decided to use the drug.

On June 29, 2015, the day of his scheduled revocation hearing, Mr. Walker tested positive for cocaine in the probation office. When questioned, he denied using the illegal drug and stated, "I'll wait and see what the lab says." Mr. Walker's urine was a dark color and when questioned, he admitted to continuing to drink large amounts of cranberry juice. The lab confirmed the positive result on July 4, 2015.

**On July 16, 2015, the day of his arrest on his supervised release warrant, Mr. Walker tested positive for cocaine. He, again, denied using the illegal drug.**

**2.**  **The defendant shall participate in drug testing and, if deemed necessary by the U.S. Probation Office, a program of substance abuse treatment which may include a 30-day inpatient substance abuse treatment program followed by up to 90 days in a community corrections center at the direction of the probation officer.**

On June 22, 2015, the probation officer contacted Mr. Walker, by telephone, at approximately 8:10 a.m. He was instructed to report to the probation office anytime that same day, but prior to 4:00 p.m., for a random drug test. Mr. Walker arrived at the office at approximately 3:10 p.m. and his urine was extremely diluted. He reported he had been drinking large amounts of cranberry juice while he waited for a ride to the probation office. After the fifth attempt at collecting a valid urine sample, his diluted urine was sent to the testing laboratory. The probation officer re-instructed Mr. Walker to not drink excessive amounts of fluids, prior to a drug test, in order to reduce the risk of dilution. On June 25, 2015, the report returned negative results, urine sample diluted.

On June 24, 2015, Mr. Walker failed to appear for a random drug test. When questioned by the probation officer on June 25, 2015, he admitted he did not call the drug testing line to see if a random drug test was called. Mr. Walker further reported he did not think he had to report for another drug test that week, after reporting on June 22, 2015.

**On July 20, 2015, the probation officer contacted the Elam Center to inquire about the status of his admission date. The probation officer was informed, by Vicki Williams, that Mr. Walker had been given the opportunity to enter their program on two separate occasions, July 9, 2015, and July 13, 2015. According to Ms. Williams, he was contacted and never returned their calls.**

**During his testimony at his probable cause and detention hearings, Mr. Walker was questioned by Assistant U.S. Attorney Sunny A.M. Koshy, regarding this information. He admitted he had not contacted The Elam Center regarding a possible admission date to their 28-day inpatient substance abuse treatment program, since his assessment on June 10, 2015.**

**3.**  **The defendant shall not commit another federal, state, or local crime.**

On July 9, 2015, Mr. Walker was arrested and charged with Aggravated Assault - Strangulation (Felony), in Davidson County, Tennessee. He is out on bond pending his next court appearance scheduled for August 3, 2015.

According to the arrest affidavits, attached for Your Honor's review, on July 4, 2015, at approximately 0100 hours, the victim, Mr. Walker, and two other individuals (the victim's best friend/Mr. Walker's girlfriend and his cousin) were at Kat's Bar & Grille located at 5325 Mt. View Road, in Antioch. According to the victim, the group left the location and Mr. Walker began walking faster to get to their vehicle because he had been in an argument with his girlfriend. The victim and Mr. Walker's cousin were able to get into the vehicle while his girlfriend walked away from the group. Mr. Walker was reportedly intoxicated and began driving away, when he almost hit another vehicle. The victim told him to stop the vehicle due to his erratic driving and because he was leaving his girlfriend. The victim put the vehicle in park at the intersection of Bell Forge Lane East and Mt. View Road and was able to get the keys out of the ignition. The victim reported Mr. Walker

punched her in the face and bit her on the arm. She exited the vehicle and he chased after her. Mr. Walker allegedly put the victim in a rear choke hold and began applying pressure to her neck, cutting off her air supply. He finally released her, obtained the key to the vehicle from his cousin, and then fled the scene. It was later determined by police investigating the incident that Mr. Walker was a potential suspect in the incident. The victim positively identified him as the individual who punched her, bit her, and strangled her. She sustained minor injury marks to her arm and soreness to her face and neck.

When questioned by the probation officer on July 13, 2015, regarding this incident, Mr. Walker reported the alleged victim is a friend and he did not harm her in any way. The probation officer inquired why a friend of his would contact the police and make these allegations. Mr. Walker stated he had no idea why, but he thinks she likes him and he is not interested in her.

**4.**     **The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

Mr. Walker did not report his arrest for the offense conduct reported in Violation 3 until July 13, 2015, approximately four days later.

**5.**     **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

Mr. Walker failed to notify the probation officer of his change in employment status.

During a meeting on July 13, 2015, Mr. Walker informed the probation officer he was no longer employed by Rafferty's in Madison. He reported he began working at German Town Pub on July 1, 2015.

**Compliance with Supervision Conditions and Prior Interventions:**
Johnathan Leon Walker is employed and lives with his mother and sister, in Nashville, Tennessee. Mr. Walker began his three-year term of supervised release on January 9, 2015, and is due to terminate supervision on January 8, 2018.

Following his admission to using marijuana, the probation officer counseled Mr. Walker regarding the legality of his actions and noted that his drug use was illegal, even while in state custody. He advised he was willing to add the special condition of substance abuse treatment and continued drug testing, in order to address his substance abuse issues. Mr. Walker reported he participated in several different substance abuse treatment programs and classes while incarcerated with the Bureau of Prisons and the state of Tennessee, but the probation officer did not receive any treatment recommendations from the Bureau of Prisons. He advised he would benefit from further substance abuse treatment and requested the addition of the substance abuse treatment condition.

A petition to request a modification of Mr. Walker's special conditions was submitted to the Court on February 19, 2015. Based on his admission to using marijuana while in state custody, the probation officer petitioned the Court to add a drug testing and substance abuse treatment condition. On March 2, 2015, the Court ordered the additional special condition for drug testing and substance abuse treatment.

Mr. Walker was immediately referred to Centerstone Mental Health, for a substance abuse assessment. He participated in that assessment on March 17, 2015, and his therapist recommended weekly, group therapy. Mr. Walker began attending group therapy in April 2015 and his therapist is aware of his continued cocaine use. The probation officer has offered inpatient treatment to Mr. Walker, but he reports he can stop using on his own and would benefit more from outpatient treatment.

A petition was submitted to the Court on April 22, 2015, regarding Mr. Walker's violations of testing positive for cocaine on four different occasions. The Court ordered the issuance of a summons on April 23, 2015, and Mr. Walker was ordered to appear at the U.S. Marshal's Office on or before May 8, 2015. Mr. Walker appeared on his summons on May 8, 2015, and was released to the same conditions of supervised release, pending his revocation hearing.

Following his positive for cocaine on May 18, 2015, the probation officer met with Mr. Walker to discuss treatment options and encouraged him, again, to reconsider participating in inpatient substance abuse treatment. He was reluctant, stating he did not have a problem with cocaine and could stop using on his own. The probation officer directed him to make contact with his attorney and also provided him contact information for several inpatient treatment facilities in the Middle District of Tennessee. Mr. Walker was strongly encouraged to make contact with each facility and get on their waiting list, if necessary.

A superseding petition was submitted to the Court on May 22, 2015, regarding Mr. Walker's continued use of cocaine. The Court ordered the consideration of additional violations/information on May 27, 2015.

According to Mr. Walker, he participated in an assessment at the Elam Center in Nashville, Tennessee, on June 10, 2015. At that time, he reported he was on their waiting list for inpatient substance abuse treatment.

Mr. Walker's revocation hearing was scheduled for June 29, 2015. Defense counsel, Dwight Scott, filed a motion on June 26, 2015, requesting a continuance and that motion was granted by Your Honor on June 29, 2015. His revocation hearing is currently scheduled for July 27, 2015.

**A superseding petition requesting the issuance of a warrant was submitted to the Court on July 15, 2015, regarding Mr. Walker's continued use of cocaine and a new felony arrest for Aggravated Assault- Strangulation. A sealed warrant was issued on July 15, 2015, and he was arrested on that warrant on July 16, 2015. Mr. Walker appeared before U.S. Magistrate Judge John Bryant for his initial appearance hearing. His probable cause and detention hearings were scheduled for June 20, 2015. On that date, Judge Bryant found that the burden of probable cause had been met by the government and ordered Mr. Walker to remain in custody pending his revocation hearing before Your Honor on July 27, 2015.**

**Defense counsel, Dwight Scott, filed an unopposed motion on July 21, 2015, requesting a continuance. Your order granted that motion on July 22, 2015, with the understanding that counsel would file a motion with the Court once all parties were ready to proceed with the revocation hearing.**

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not already been provided in this petition

**U.S. Probation Officer Recommendation:**
**It is respectfully recommended that these additional violations be considered at his revocation hearing.** Assistant U.S. Attorney Sunny A.M. Koshy has been advised of the offender's noncompliance and concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JOHNATHAN LEON WALKER, CASE NO. 3:10-00148

**GRADE OF VIOLATION:** A
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

| | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 33-41 months* U.S.S.G. § 7B1.4(a) | No recommendation |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | No recommendation |

* although the Guideline range is 33-41 months, the statutory maximum penalty is 24 months

18 U.S.C. § 3583(g)(4) If the defendant, as a part of drug testing, tests positive for illegal controlled substances more than three times over the course of one year; the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G § 7B1.3(a)(1), upon a finding a Grade A or B violation, the Court shall revoke probation or supervised release.

Respectfully Submitted,

Amanda Michele
U.S. Probation Officer

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Johnathan Leon Walker

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:10CR00148 - 1

3. **District/Office** Middle District of Tennessee - Nashville

4. **Original Sentence Date** 10 / 31 / 2014
                         month   day   year

5. **Original District/Office**
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall refrain from any unlawful use of a controlled substance. | C |
   | Shall participate in drug testing and, if deemed necessary by the U.S. Probation Officer, a program of substance abuse treatment. | C |
   | Shall not commit another federal, state, or local crime. | A |
   | Shall notify the probation officer within 72 hours of being arrested or questioned by law enforcement. | C |
   | Shall notify the probation officer at least 10 days prior to any change in residence or employment. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*    A

9. **Criminal History Category** *(see §7B1.4(a))*    VI

10. **Range of Imprisonment** *(see §7B1.4(a))*    33 - 41 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☒ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Johnathan Leon Walker

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____    Community Confinement _____

    Fine($)       _____    Home Detention          _____

    Other         _____    Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002